IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE J. GRIFFIN, JR.,
    Petitioner,

vs.                              Case No.: 3:11cv513/LAC/EMT

ATTORNEY GENERAL OF THE
STATE OF FLORIDA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

       Petitioner is attacking a March 19, 1996 conviction for possession of a controlled substance entered in the Circuit Court of Escambia County, Florida (doc. 1 at 1).  His sentence was an 18-month term of probation (*id.*).  Petitioner indicates he is presently in federal custody confined at the Federal Correctional Institution (low security facility) in Yazoo City, Mississippi (*id.*).

Petitioner acknowledges on the § 2254 petition form that he previously filed a § 2254 petition in this court regarding the validity of this conviction (doc. 1 at 2–3).[1]  The court's records confirm that Petitioner first challenged his 1996 state court conviction in August of 1999, when he sought habeas corpus relief under 28 U.S.C. § 2254 in this court.  *See* Griffin v. Lowman, Case No. 3:99cv336/RH, Doc. 1, Petition (N.D. Fla. Aug. 10, 1999).  The district court, adopting the magistrate judge's report and recommendation, dismissed the petition with prejudice as untimely.  *Id.*, Doc. 12, Order (N.D. Fla. Mar. 6, 2000).  Petitioner did not appeal the order.

On July 20, 2002, Petitioner filed another § 2254 petition in this court challenging the same conviction.  *See* Griffin v. DeRosa, Case No. 3:02cv325/RV/MCR, Doc. 1, Petition (N.D. Fla. July 20, 2002).  The district court, adopting the magistrate judge's report and recommendation, dismissed the petition without prejudice as an unauthorized second or successive petition.  *Id.*, Doc. 3, Order (N.D. Fla. Sept. 13, 2002).

On March 3, 2003, Petitioner filed another § 2254 petition in this court challenging the same conviction.  *See* Griffin v. DeRosa, Case No. 3:03cv89/LAC/MD, Doc. 1, Petition (N.D. Fla. Mar. 3, 2003).  The district court, adopting the magistrate judge's report and recommendation, dismissed the petition without prejudice as an unauthorized second or successive petition.  *Id.*, Doc. 9, Order (N.D. Fla. Apr. 4, 2003).  Petitioner's motion for a certificate of appealability was denied by the Eleventh Circuit on July 9, 2003, and his appeal was dismissed.  *Id.*, Doc. 29, Order (11th Cir. July 10, 2003).  His motion for reconsideration was denied on August 20, 2003.  *Id.*, Doc. 32, Order (11th Cir. Aug. 22, 2003).

In the instant petition, Petitioner again challenges his conviction and sentence imposed on March 19, 1996, by the Escambia County Circuit Court (doc. 1).  He raises the following grounds for relief:

> Ground one:  "Whether the trial court erred in failing to have the State prove that the Petitioner had knowledge of the illicit nature of the controlled substance that was in his constructive possession and whether Fla. Stat. 893.13 is unconstitutional since the statute does not require proof of knowledge or intent."

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

Case No.:  3:11cv513/LAC/EMT

        Ground two:    "The defense counsel was ineffective for failure to file a notice of appeal after trial as requested."

(doc. 1 at 4).

II.    ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 1999, Case No. 3:99cv336/RH. Furthermore, Petitioner's 1999 petition qualified as a first petition for the purpose of determining successor status because the court dismissed it with prejudice as untimely.[2] *See* Villanueva v. United States, 346 F.3d 55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims). Therefore, the instant petition is second or successive. Additionally, Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

of the instant petition.  *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002).  For this reason, this case should be dismissed for lack of jurisdiction.

### III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this habeas action be **DISMISSED** for lack of jurisdiction.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of November 2011.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Case No.:  3:11cv513/LAC/EMT

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**